**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **vs.** | § § | **Case No. 6:21-CR-00192-1-ADA** |
| **PETER DANIEL WHITE JR.** | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On June 29, 2022, Mr. White was convicted of Possession of a Firearm by an Unlawful User of or Addict to a Controlled Substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). He was sentenced to thirty-two (32) months imprisonment; three (3) years supervised release; and ordered to pay a $100.00 special assessment, and $100.00 fine. Mr. White began the term of supervised release, in the Northern District of Texas, on May 31, 2024.

On November 26, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated Mandatory Condition Number 1, in that he committed a new crime. On November 20, 2024, Mr. White was arrested and charged with Evading Arrest/Detention with Previous Conviction, a state jail felony, in violation of Texas Penal Code 38.04(b)(1); Unlawful Possession of a Firearm by a Convicted Felon, a 3rd Degree Felony, in violation of Texas Penal Code 46.04(e); and Possession of Marijuana 2-4 Ounces, a Class B Misdemeanor, in violation of Texas Health and Safety Code 481.121(b)(1).

**Violation Number 2:** The defendant violated Mandatory Conditions Number 2 and 3, in that he unlawfully possessed and used a controlled substance, in that he unlawfully possessed and used prescription medication that was not prescribed to him.

**Violation Number 3:** The defendant violated Standard Condition Number 3, in that he knowingly left the judicial district where he was authorized to reside, without the permission of the probation officer, in that on November 20, 2024, Mr. White left the Northern District of Texas-Dallas Division, without the permission of the probation officer and was arrested in the Western District of Texas-Waco Division.

On March 3, 2026, the Court held a hearing on the petition. At the hearing, the defendant pled TRUE to Violation Number 1, Violation Number 2, and Violation Number 3. The petition contained a sufficient factual basis to support a plea of TRUE to Violation Number 1, Violation Number 2, and Violation Number 3 .

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1.   The defendant violated the conditions of his supervision as alleged in the petition.

2.   The defendant was competent to make the decision to enter a plea of TRUE to Violation Number 1, Violation Number 2, and Violation Number 3.

3.   The defendant had both a factual and rational understanding of the proceedings against him.

4.     The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.     The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.     The defendant was sane and mentally competent to stand trial for these proceedings.

7.     The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.     The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.     The defendant understood the petition and the charges alleged against him.

10.    The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.    The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.    The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.    The defendant freely, intelligently, and voluntarily entered his plea of TRUE to Violation Number 1, Violation Number 2, and Violation Number 3.

14.    The defendant understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support the defendant's pleas of TRUE to Violation Number 1, Violation Number 2, and Violation Number 3.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that he be sentenced to 9 months in custody, with no term of supervised release to follow, with credit for time served.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 3rd day of March, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE